USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 24 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA       :     MISDEMEANOR INFORMATION

    - v. -                     :     **12 CRIM 180**

SHEPARD FAIREY,                :

            Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COUNT ONE
### (Criminal Contempt)

The United States Attorney charges:

**Relevant Persons and the Works of Art**

1. SHEPARD FAIREY, the defendant, is an artist. FAIREY resides and maintains his studio in Los Angeles, California.

2. Together with others, SHEPARD FAIREY, the defendant, owns Obey Giant Art, Inc. ("Obey Giant"). FAIREY distributes some of his artwork through Obey Giant.

3. In or about early 2008, then-Senator Barack Obama was seeking the nomination of the Democratic Party to be its candidate in the November 2008 election for the office of President of the United States.

4. In order to support the candidacy of then-Senator Obama and approximately one to two weeks before the "Super Tuesday" Democratic Party primaries on February 5, 2008, SHEPARD FAIREY, the defendant, created a series of works of art. The first in the series bore a stylized likeness of then-Senator Obama gazing up and to the viewer's right, with the word "PROGRESS" below the image, and illustrated in red, white, and blue (the

"Obama Progress Work"). The first version of the Obama Progress Work contained a unique Obey Giant logo within the logo of then-Senator Obama's campaign. A later version of the Obama Progress Work eliminated the Obey Giant logo. The second in the series of works (the "Obama Hope Work") was largely identical to the Obama Progress Work, but, at the request of then-Senator Obama's campaign, bore the word "HOPE" below the image.

5. In creating the Obama Progress Work and the Obama Hope Work, SHEPARD FAIREY, the defendant, used as a visual reference a photograph of then-Senator Obama taken at the National Press Club in April 2006 (the "Obama Photograph"). The Obama Photograph is a tightly cropped image of then-Senator Obama gazing up and to the viewer's right with the flag of the United States behind him.

6. Over the course of the primary and general election seasons throughout the remainder of 2008 and continuing until the inauguration of President Obama and after, the Obama Progress Work and the Obama Hope Work became extraordinarily popular. For example, the Obama Hope Work and the Obama Progress Work came to be reproduced on more than 100,000 posters and more than 550,000 stickers, most of which were distributed for free by SHEPARD FAIREY, the defendant, and Obey Giant. The Obama Hope Work was also downloaded many times from a website maintained and controlled by FAIREY and Obey Giant. The Obama Hope Work and the Obama Progress Work were also reproduced on more than 233,000 pieces of clothing distributed by a licensee of FAIREY, One 3 Two, Inc., d/b/a Obey Clothing ("Obey Clothing"), which is not owned by FAIREY. In addition, FAIREY created fine art versions of the Obama Hope Work and the Obama Progress Work. The Obama Hope Work and the Obama Progress Work ultimately generated more than $3 million of revenue and

substantial profits for FAIREY, Obey Giant, and Obey Clothing. The Obama Hope Work and the Obama Progress Work also contributed to FAIREY's reputation and commercial success as an artist. The Obama Hope Work and the Obama Progress Work were among the most important works ever created by FAIREY.

7. Ultimately, as a result of the success of the Obama Hope Work and the Obama Progress Work, SHEPARD FAIREY, the defendant, was bestowed with various honors.

### The Dispute with the Associated Press and the Copyright Litigation

8. The Associated Press (the "AP") is a not-for-profit entity with its principal place of business in Manhattan. The AP is one of the largest and oldest news organizations in the world, serving as a source of news content in all formats. The AP is owned by its more than 1,500 members.

9. In or about late January 2009, the AP began to assert in communications with SHEPARD FAIREY, the defendant, that FAIREY had infringed the AP's copyright in the Obama Photograph by using the Obama Photograph as a reference for the Obama Progress Work and the Obama Hope Work, among other works, without obtaining a license from the AP in advance.

10. In or about late January 2009 and as a result of the communications from the AP, SHEPARD FAIREY, the defendant, retained counsel to represent him in the copyright dispute with the AP.

11. Shortly after the AP's initial allegation of copyright infringement and on February 9, 2009, SHEPARD FAIREY, the defendant, filed a civil complaint (the "Complaint"), which initiated litigation (the "Copyright Litigation") in the United States District Court for the

Southern District of New York, on behalf of himself and Obey Giant. The Complaint named the AP as a defendant. The case was assigned to the Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York.

12. Over several paragraphs, the Complaint referred extensively to speculation among photographic and graphic art critics and others as to what photograph SHEPARD FAIREY, the defendant, had used as a reference in creating the Obama Progress Work and the Obama Hope Work, among others, that had begun shortly after the Obama Progress Work and the Obama Hope Work were first disseminated in early 2008 and that continued into early 2009.

13. The Complaint alleged, in general, that:

(a) In creating the Obama Progress Work and the Obama Hope Work, among others, SHEPARD FAIREY, the defendant, used as a reference a photograph of then-Senator Obama that also contained the actor George Clooney (the "Clooney Photograph") and that was taken on the same occasion as the Obama Photograph.

(b) In creating the Obama Progress Work and the Obama Hope Work, among others, FAIREY did not use as a reference the Obama Photograph and that speculation that FAIREY did so was incorrect. In that regard, the Complaint alleged, in relevant part:

> 33. .... In a blog entry dated January 23, 2009, [a photographer] concluded the mystery had been solved. According to [the photographer], the photograph Fairey used was a tightly cropped shot of Obama taken by [another photographer] at the same April 2006 event at the National Press Club where he snapped the [Clooney Photograph].
>
> 34. In fact, none of the above were correct. The photograph Fairey had actually used as a visual reference in creating [the] Obama Hope [Work] was not the tightly-cropped photograph [that the photographer] identified. Fairey had actually used the [Clooney Photograph] which included both Obama and actor George Clooney in the frame.

4

14. The Copyright Litigation sought, among other relief, a declaration that:

   (a) the Obama Progress Work and the Obama Hope Work, among others, do not infringe any copyrights held by the AP; and

   (b) the use by SHEPARD FAIREY, the defendant, of the Clooney Photograph as a reference in creating the Obama Progress Work and the Obama Hope Work, among others, was protected by the "fair use" doctrine.

15. The "fair use" doctrine is codified in Title 17, United States Code, Section 107. In general, it provides that the "fair use of a copyrighted work . . . is not an infringement of copyright." It further provides that, "[i]n determining whether the use made of a work in any particular case is a fair use," the following factors shall be considered:

   (a) "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;"

   (b) "the nature of the copyrighted work;"

   (c) "the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and"

   (d) "the effect of the use upon the potential market for or value of the copyrighted work."

In connection with the first factor (the purpose and character of the use), there are various sub-factors that are considered, specifically: (a) whether the alleged infringer acted in good or bad faith; (b) whether the alleged infringer's use was commercial; and (c) whether the alleged infringer's use was transformative.

16. In drafting the Complaint, then-counsel to SHEPARD FAIREY, the defendant, and Obey Giant reviewed the Complaint paragraph by paragraph with FAIREY by

5

telephone while FAIREY was in Boston preparing for a retrospective of his artwork at a museum.

17. The Complaint contained factual allegations that were untrue. In creating the Obama Progress Work and the Obama Hope Work, among others, SHEPARD FAIREY, the defendant, used as a reference the Obama Photograph and did not use as a reference the Clooney Photograph.

**FAIREY Destroyed Documents and Created Fake Documents to Hide the Fact that the Complaint Was Factually Untrue and to Obstruct Discovery in the Copyright Litigation**

18. Approximately a week after filing the Complaint, then-counsel for SHEPARD FAIREY, the defendant, and Obey Giant communicated by e-mail with FAIREY about the obligation of him, his companies, and his companies' employees "to preserve documents relating to the case." Thereafter, then-counsel for Fairey and Obey Giant sent FAIREY, among others, a document describing "the sorts of documents and other information you should preserve, and ask your employees and anyone else under your supervision to preserve." In doing so, then-counsel for FAIREY and Obey Giant instructed FAIREY and others to, among other things, "read this memorandum carefully and follow its instruction." The document prepared and sent by counsel for FAIREY and Obey Giant instructed them that they "must preserve and retain and documents and electronic information that may be relevant . . . to the claims in this case," including "all information and/or documents . . . relating to . . . the creation of [the Obama Progress Work and the Obama Hope Work]."

19. On or about March 11, 2009, the AP filed its response to the Complaint. Among other things, the AP alleged in response that SHEPARD FAIREY, the defendant, and

6

Obey Giant had falsely claimed that FAIREY used the Clooney Photograph in creating the Obama Progress Work and the Obama Hope Work as a reference and falsely denied that FAIREY had used the Obama Photograph. Specifically, the AP alleged that:

> [U]pon information and belief, in a further act of bad faith, Plaintiffs deliberately misrepresented the source of the Infringing Works in their Complaint. Specifically, upon information and belief, although Plaintiffs were well aware that the Infringing Works were based on the Obama Photo, Plaintiffs deliberately misidentified in their Complaint another photo taken by [a photographer], which included an image of the actor George Clooney seated next to President Obama (the "Clooney Photo"), as the source of the Infringing Works.

20. From in or about mid-March through in or about late March 2009 and in advance of a scheduled meeting with his then-counsel in the Copyright Litigation, SHEPARD FAIREY, the defendant, created multiple false and fraudulent documents (the "Fake Documents") that were intended by FAIREY to demonstrate to his then-counsel in the Copyright Litigation, the AP, and others that FAIREY had used the Clooney Photograph as a reference in creating the Obama Progress Work and the Obama Hope Work. For example, FAIREY created images that made it appear that he had worked with the Clooney Photograph in creating the Obama Progress Work and the Obama Hope Work. In truth and in fact, and as FAIREY then and there well knew and believed, FAIREY had used the Obama Photograph as a reference in creating the Obama Progress Work and the Obama Hope Work and had not used the Clooney Photograph.

21. From in or about mid-March through in or about late March 2009 and in advance of a scheduled meeting with his then-counsel in the Copyright Litigation, SHEPARD FAIREY, the defendant, attempted to delete multiple electronically stored documents (the "Deleted Documents") from computers and servers of Obey Giant to which he had access that

tended to show that, in fact, FAIREY had used the Obama Photograph as a reference in creating the Obama Progress Work and the Obama Hope Work and had not used the Clooney Photograph.

22. On or about March 26, 2009, SHEPARD FAIREY, the defendant, met in person with his then-counsel in the Copyright Litigation, who had traveled from Northern California to FAIREY's studio in Los Angeles. In advance of the meeting, FAIREY's then-counsel told FAIREY that the agenda for their meeting would be to "[o]bserve creative process used to make Obama illustration," including "[r]e-create actual process to extent feasible," to "[i]dentify and review all evidence demonstrating Fairey used Clooney photograph," and to "[d]iscuss storage, location and preservation of relevant information" so that relevant information could be produced in the process of discovery in the Copyright Litigation. During the meeting, FAIREY provided his then-counsel with the Fake Documents, did not inform them of the Deleted Documents, and otherwise deceived his then-counsel into believing that FAIREY had used the Clooney Photograph as a reference in creating the Obama Progress Work and the Obama Hope Work. In truth and in fact, and as FAIREY then and there well knew and believed, FAIREY had used the Obama Photograph as a reference in creating the Obama Progress Work and the Obama Hope Work and had not used the Clooney Photograph.

23. FAIREY's purpose in providing the Fake Documents to his then-counsel and in failing to inform them of the Deleted Documents was to hide the fact that the Complaint contained factual allegations that were untrue, to ensure that the Fake Documents were produced to the AP in the process of discovery in the Copyright Litigation, and to ensure that neither his counsel nor the AP discovered the existence of the Deleted Documents.

24. In or about April 2009 and in anticipation of making disclosures to the AP that were required by the Federal Rules of Civil Procedure, then-counsel for SHEPARD FAIREY, the defendant, and Obey Giant sought information from FAIREY regarding, among other subjects, which individuals knew what photograph FAIREY had used in creating the Obama Progress Work and the Obama Hope Work. In response, FAIREY informed his then-counsel that, in substance and in part, he had discussed the photograph that FAIREY used as a reference with two people ("Witness-1" and "Witness-2"). Thereafter, then-counsel for FAIREY and Obey Giant identified Witness-1 and Witness-2 as knowledgeable about the subject of what photograph FAIREY had used as a reference.

25. Around the time that SHEPARD FAIREY, the defendant, identified Witness-1 and Witness-2 to his then-counsel, FAIREY sent Witness-1 an e-mail explaining, in substance and in part, why Witness-1's name had come up in connection with the Copyright Litigation and why Witness-1 might thereafter be contacted. In the e-mail, FAIREY coached Witness-1 about what Witness-1 was to say, if Witness-1 was requested:

> It is about the reference photo I did the illustration from. You and I discussed the photo I worked from with Clooney and Obama. You also sent it to me in an email. There are two photos from the same press conference that are very similar except that one is cropped in on Obama. The AP is claiming I worked from the more cropped one, which is incorrect, but I think they think it helps their case if my work seems more similar to the cropping of the photo, and therefore less transformative. I may need you to just be willing to make a statement that we had discussed the reference prior to the AP case and I had acknowledged the photo with Clooney in it. The only other person I talked about the photo in detail with was [Witness-2]. My attorney may want a statement from you if you don't mind. It could make a big difference, because the AP is trying to portray me as a thief and a liar. I'll keep you posted. . . .
>
> -Shepard

Therefore, at the time that FAIREY identified Witness-1 and Witness-2 as people with knowledge about the subject of what photograph was used as a reference, FAIREY was aware that Witness-1 and Witness-2 would testify in a manner that tended to corroborate FAIREY's false and fraudulent claim that FAIREY had used the Clooney Photograph as a reference to create the Obama Progress Work and the Obama Hope Work.

26. On or about May 22, 2009, Judge Hellerstein entered an Order (the "May 22 Order"), with the consent of the parties to the Copyright Litigation, requiring, among other things, that:

(a) There be discovery on each of the elements of the claims and defenses asserted in the Copyright Litigation; and

(b) All fact discovery be completed by August 14, 2009.

27. In discovery during the Copyright Litigation, SHEPARD FAIREY, the defendant, caused the Fake Documents to be produced to the AP and caused the Deleted Documents to not be produced to the AP.

28. On or about July 9, 2009, and as a result of the designation by SHEPARD FAIREY, the defendant, of Witness-2 as a person with knowledge about the subject of what photograph was used as a reference, Witness-2 was deposed by the AP in the Copyright Litigation. During his deposition, Witness-2 testified in a manner that tended to corroborate FAIREY's false and fraudulent claim that FAIREY had used the Clooney Photograph as a reference to create the Obama Progress Work and the Obama Hope Work.

29. On or about July 22, 2009, Judge Hellerstein entered an Order (the "July 22 Order") extending the deadline for the completion of fact discovery until October 23, 2009.

30. In or about July and August 2009, the AP began to question in the course of the Copyright Litigation why SHEPARD FAIREY, the defendant, and Obey Giant had not retained and produced in discovery various documents relating to the creation of the Obama Progress Work and the Obama Hope Work, among others. On or about August 8, 2009, FAIREY wrote in an e-mail to employees of Obey Giant, suggesting that if a document retention policy for Obey Giant could not be located, one should be created and backdated:

> For the AP case we need to either find an old email or document that talks about the company policy to back up or throw away files we are not using. If we can't find anything like that we need to create it and put it on our old letterhead. Basically the AP is trying to say that I was trying to hide the source of the Obama image by throwing away the in-progress elements. The simple truth is that I threw that stuff away because I did not want to waste hard drive space and I never thought i'd need it again. I know at some point in time we either emailed or printed a memo on saving drive space. [P]lease see if you can find it. Thanks - Shepard

Upon the subsequent advice of others, FAIREY abandoned any effort to create such a document and no such document was created as a result of FAIREY's request.

31. In or about July and August 2009, the AP continued to question in the course of the Copyright Litigation why SHEPARD FAIREY, the defendant, and Obey Giant had not retained and produced in discovery various documents relating to the creation of the Obama Progress Work and the Obama Hope Work, among others. In resolving this dispute before the Court, then-counsel for FAIREY and Obey Giant sought to assure the Court that an exhaustive search for electronic documents relating to the creation of the Obama Progress Work and the Obama Hope Work had been done and that all relevant documents had been produced to the AP. In doing so, then-counsel for FAIREY and Obey Giant circulated to FAIREY for his review a draft of text that was to be provided to the Court and that described the search for materials

relating to the Obama Hope Work. In response, FAIREY confirmed that "we looked EVERYWHERE the files could have been," but did not reveal then, or at any point prior, to his then-counsel that FAIREY had sought to destroy the Deleted Documents or that FAIREY had manufactured the Fake Documents and provided them to his then-counsel.

32. On or about September 17, 2009, and as a result of the designation by SHEPARD FAIREY, the defendant, of Witness-1 as a person with knowledge about the subject of what photograph was used as a reference, Witness-1 was deposed by the AP in the Copyright Litigation. During his deposition, Witness-1 testified in a manner that tended to corroborate FAIREY's false and fraudulent claim that FAIREY had used the Clooney Photograph as a reference to create the Obama Progress Work and the Obama Hope Work.

### **FAIREY's Fraud Is Revealed**

33. In or about August and September 2009, the AP identified to then-counsel for SHEPARD FAIREY, the defendant, and Obey Giant the names of particular electronic files relating to the creation of the Obama Progress Work and the Obama Hope Work, among others. Employees of Obey Giant and outside consultants retained by FAIREY and Obey Giant in connection with the Copyright Litigation were initially unable to find the files identified by the AP.

34. In or about early October 2009, an employee of Obey Giant searched again for the files identified by the AP and, in so doing, discovered the Deleted Documents on an Obey Giant server. As a result, some or all of the Deleted Documents were provided to then-counsel for SHEPARD FAIREY, the defendant. Only thereafter did FAIREY admit to his then-counsel that:

(a) FAIREY had attempted to delete the Deleted Documents, which had not been produced to the AP in discovery in the Copyright Litigation;

(b) FAIREY had fraudulently created the Fake Documents, which were produced to the AP in discovery in the Copyright Litigation; and

(c) FAIREY had not, in fact, used the Clooney Photograph as a reference in creating the Obama Progress Work and the Obama Hope Work, but instead had used the Obama Photograph.

## STATUTORY ALLEGATION

35. From on or about May 22, 2009 through in or about early October 2009, in the Southern District of New York and elsewhere, SHEPARD FAIREY, the defendant, willfully and knowingly did disobey a lawful writ, process, order, rule, decree, and command of a district court of the United States by doing an act and thing therein, and thereby forbidden, which act and thing so done was of such character as to constitute also a criminal offense under a statute of the United States, to wit, FAIREY disobeyed and resisted the May 22 Order and the July 22 Order entered by the United States District Court for the Southern District of New York during the Copyright Litigation and, in so doing, violated 18 U.S.C. § 1512(c).

(Title 18, United States Code, Section 402.)

*Preet Bharara*
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

SHEPARD FAIREY,

Defendant.

**MISDEMEANOR INFORMATION**

12 Cr. _____ (FM)

(Title 18, United States Code, Section 402)

PREET BHARARA
United States Attorney.

2/24/12 – Filed Misdemeanor Information.

J. Maas
U.S.M.J.

Deft. pres. with attorney __DAN GITNER__
AUSA __DAN LEVY__ Court Reporter __N/A__
Interpreter pres/(not pres). Deft. withdraws plea of not guilty & enters a plea of guilty to count(s) __ONE__. PSI Ordered. Sentence ~~~~~ 7/16/2012 @ 10am
Bail __Continued__
Mag. Judge __MAAS__ recommends Judge __MAAS__ accept the guilty plea.

J. Maas
U.S.M.J.